ALBERT HODES, BY HIS GUARDIAN *AD LITEM*, MARIAN KALB, PETITIONER-RESPONDENT, v. OAK FLOORING CO., RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 20, 1964—Decided January 31, 1964.

Before Judges CONFORD, FREUND and SULLIVAN.

*Mr. Adrian M. Foley, Jr.* argued the cause for respondent (*Messrs. Pindar, McElroy, Connell & Foley,* attorneys; *Mr. George J. Kenny,* on the brief).

*Mr. Herman M. Wilson* argued the cause for petitioner.

The opinion of the court was delivered by

CONFORD, S. J. A. D. The question here is whether the Union County Court erred in denying, on the asserted basis solely of lack of jurisdiction to do so, an extension of time for the filing of an untimely appeal by the respondent employer to the County Court from a judgment of the Division of Workmen's Compensation, and consequently dismissing the appeal.

The judgment was entered in the Division April 26, 1963. The original notice of appeal was filed by the respondent employer with the Division of Workmen's Compensation by messenger in Trenton on June 10, 1963, but a copy was not filed with the clerk of the Union County Court that day, but only on June 11, 1963. This was due to the circumstance that because of a series of mischances the messenger did not arrive at the office of the court clerk on June 10 until after the closing hour thereof that day. Thus the appeal was not filed within 45 days, as required by *N. J. S. A.* 34:15–66, and this was the ground of dismissal of the appeal. (The statute requires the filing of the appeal with *both* the Division and the County Court within the 45 days.) The County Court indi-

cated, and we assume for purposes of the issue presented to us, that if there were power to do so, the court might well have validated the appeal on either of the grounds that the lateness was "the result of excusable neglect" or that there was "a clear showing of a good cause and the absence of prejudice." (*R. R.* 1:27B(a)(2) or (d).) The question before us thus resolves itself into an inquiry as to whether the County Court possessed power under the rules of court to apply either of the rule provisions just cited to excuse the lateness of the filing of the appeal.

█ Insofar as the statute authorizing the appeal to the County Court is concerned, *N. J. S. A.* 34:15–66, no power in the County Court of enlargement of time to appeal is derivable therefrom as it is not set forth in the statute, and legislative limitations of time to appeal or seek judicial relief are ordinarily strictly construed. *Cf. In re Pfizer's Estate,* 6 *N. J.* 233 (1951); *Alberti v. Civil Service Comm'n,* 41 *N. J.* 147, 154 (1963); *Scrudato v. Mascot S. & L. Ass'n,* 50 *N. J. Super.* 264 (*App. Div.* 1958).

*R. R.* 1:27B(a)(2) and (d), upon which respondent relies in the alternative, read as follows:

"When an act is required or allowed to be done at or within a specified time,—

(a) The court in which the matter is pending, for cause shown, may at any time in its discretion:   *   *   *   (2) Upon motion permit the act to be done after the expiration of the specified period if the failure to act was the result of excusable neglect.

*       *       *       *       *       *       *       *

(d) Neither the court nor the parties may enlarge the time for taking any action under Rules 1:3–1; 1:3–2; 1:10–4; 1:10–5; 2:3; 2:12–2; 4:99–6 and 5:3–4, except that extension for a period not exceeding 30 days from the expiration of the time permitted in the said rules may be granted by the court in which the matter is pending upon a clear showing of a good cause and the absence of prejudice. The application for extension may be made at any time; provided that the action required to be taken within the specified time was in fact taken within that time as extended by the court."

█ We first consider the respondent's claim to the extent that it is premised on paragraph (d). That provision by its

very terms is not here applicable for the reason that its subject matter is enlargement of time for taking any action under or pursuant to certain specifically designated rules of court. In the present situation the time for appeal is specified not by any of the rules mentioned but by a statute. *Lamastra v. Montgomery Ward & Co., Inc.*, 25 *N. J. Super.* 14 (*App. Div.* 1953). It was there expressly held that the time to take a workmen's compensation appeal is fixed by the statute and not by the predecessor of *R. R.* 1:3–1(b). *Cf. Barry v. Wallace J. Wilck, Inc.*, 65 *N. J. Super.* 130 (*App. Div.* 1961). If (and we do not so assume) there was an oversight in the drafting of paragraph (d) in not making the 30-day discretionary extension power exercisable in respect of time limitations for appeals specified by statute as well as those specified by court rules, this is a matter for remedy by the Supreme Court in the exercise of its legislative rule-making power. The County Court had to read and apply the rule as it found it unequivocally written, and so must we in reviewing the correctness of its determination.

■ Passing to a consideration of the asserted efficacy of *R. R.* 1:27B(a)(2) to vest the County Court with the power it held it did not possess, we are at once struck with the generality of the language employed therein and the breadth of the discretion reposed in the court. The court may grant relief at any time, and the time allowable by extension for the doing of the neglected act is unlimited save by the discretion of the court. It is not plausible that so broad and unlimited a power, desirable though it may be in respect of ordinary procedural time defaults in a litigation, was intended by the Supreme Court to be applicable to the very significant step of appeal from the judgment of one judicial (or *quasi*-judicial) tribunal to another. The strong policy basis underlying the concept of the vested nature of the rights of a prevailing party after the lapse of time for appeal by his adversary was voiced by the Supreme Court in *In re Pfizer's Estate, supra* (6 *N. J.*, at *p.* 239). That policy was relaxed in 1954 by the adoption of *Rule* 1:27B, but only with

circumscribing conditions and limitations, and, as already noted, in relation only to extensions of time from appeal expiration periods fixed by rules of court, insofar as express reference to appeal time periods is concerned.

It does not seem probable to us that despite the fact that the Supreme Court, when expressly dealing with permissive extensions of time for appeal in (*Rule* 1:27B) paragraph (d) situations, confined the allowable extension to 30 days, it would have intended by the general language of paragraph (a)(2) a judicial power of *unlimited* extension of appeal time. The only rational conclusion is that the court did not have extensions of time to appeal in mind at all when promulgating paragraph (a) but only in the adoption of paragraph (d).

Respondent stresses that when the Legislature amended *N. J. S. A.* 34:15–66 by *L.* 1953, *c.* 33 it incorporated therein the proviso: "Nothing herein contained shall be construed as limiting the jurisdiction of the Superior Court to review any matter through a proceeding in lieu of prerogative writ or as limiting the jurisdiction of the Supreme Court." It argues that this constituted legislative recognition of the paramountcy of the Supreme Court rules of practice over legislation in the area of procedure declared in *Winberry v. Salisbury*, 5 *N. J.* 240 (1950), and *Fischer v. Twp. of Bedminster*, 5 *N. J.* 534 (1950), here in specific relation to workmen's compensation appeals. From these premises the conclusion is drawn that the legislative specification of a 45-day appeal period by the statute must bow to Supreme Court rules permitting an extension of such time limitation. Whether the cited statutory proviso had the purpose and intent respondent ascribes to it may be a matter for debate. Note the comparable verbiage in the same statutory section before the 1953 amendment, but in relation to the jurisdiction of the former Supreme Court and Court of Errors and Appeals. See *L.* 1945, *c.* 74, § 17.

For purposes of this appeal we may concede the thesis that the Supreme Court has the plenary constitutional power to

provide by rule for the regulation of all aspects of appellate review of judgments of the Division of Workmen's Compensation, including time limitations relating thereto. The trouble with respondent's position, however, is that it has not demonstrated that the Supreme Court has, in the exercise of that power, qualified the absolutism of the 45-day time period for appeals from the Division to the County Court fixed by the Legislature. It appears that it has, on the contrary, clearly implied its concurrence in it by the adoption of a rule of court, *R. R.* 5 :2–5, which regulates all aspects of such an appeal except those fixed by the statute. The rule of court cited has no reference whatever to the time for taking an appeal, leaving that subject within the purview of the statute exclusively. The Supreme Court has thus signified its acquiescence in the statutory time period, if such acquiescence is deemed essential to the validity of that feature of the statute, as to which we express no opinion.

Since neither the statute nor any rule of court qualifies the time requirement for the filing of such an appeal by vesting a power of extension thereof or of excusing default therein in the appellate court concerned—the County Court— we can only conclude that that court does not possess such power. Nor do we know of any authority pursuant to which this court has the power to relieve this respondent from the consequences of its default below.

The judgment must therefore be affirmed.